IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**SINGLEY CONSTRUCTION COMPANY, INC.**                          **PLAINTIFF**

**V.**                            **CIVIL ACTION NO. 2:15-CV-164-KS-MTP**

**TERRY ORSO,** *et al.*                                          **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This is a breach of contract case arising from a non-competition agreement. Plaintiff filed its Complaint [1-2] and First Amended Complaint [2] in the Chancery Court of Marion County, Mississippi. Defendants removed [5], alleging diversity jurisdiction. Plaintiff then filed a Motion to Remand [6], which the Court now **denies**.

The requirements of diversity jurisdiction are met in this case. The parties are completely diverse, and it is apparently undisputed that the amount in controversy exceeds $75,000. But Plaintiff argues that Defendants waived their right to a federal forum by entering employment agreements [6-1, 6-2, 6-3] containing mandatory forum selection clauses. In response, Defendants argue that the forum selection clause is permissive, rather than mandatory.

The Fifth Circuit has explained the difference between permissive and mandatory forum selection clauses:

> For a contractual clause to prevent a party from exercising its right to removal, the clause must give a clear and unequivocal waiver of that right. A party may waive its rights by explicitly stating that it is doing so, by allowing the other party the right to choose venue, or by establishing any exclusive venue within the contract.
>
> A party's consent to jurisdiction in one forum does not necessarily waive its right to have an action heard in another. For a forum-selection clause

to be exclusive, it must go beyond establishing that a particular forum will have jurisdiction and must clearly demonstrate the parties' intent to make that jurisdiction exclusive.

*City of New Orleans v. Mun. Admin. Servs.*, 376 F.3d 501, 504 (5th Cir. 2004) (citations and punctuation omitted).

Here, the contracts provide, in pertinent part: "Employee hereby agrees to the jurisdiction of Marion County, Mississippi, Chancery Court for the venue of any dispute . . . ." This language is unquestionably permissive, rather than mandatory. Defendants did not explicitly state that they were waiving their right to remove. They did not permit Plaintiff to choose the venue of any dispute, and the parties did not stipulate that the Chancery Court of Marion County, Mississippi, would be the *exclusive* venue of any dispute arising from the contract. In fact, a few sentences later the parties addressed the possibility of "any other" court finding the contract's provisions unreasonable – implying that another court could hear the case.

It is axiomatic that federal and state courts may have concurrent jurisdiction over certain matters. *Baldwin v. Sears*, 667 F.2d 458, 460 (5th Cir. 1982). This is such a case. The parties did not agree that the Marion County Chancery Court would be the exclusive venue for litigation. Rather, the out-of-state Defendants merely submitted themselves to its jurisdiction.[1]

---

[1]*See Keaty v. Freeport Indon., Inc.*, 503 F.2d 955, 957 (5th Cir. 1974) (finding the phrase "that parties submit to the jurisdiction of the courts of New York" to be permissive and not mandatory); *Eastern Fishing & Rental Tool Co. v. Blaney*, No. 2:11-CV-238-KS-MTP, 2012 U.S. Dist. LEXIS 3090, 2012 WL 73234, at *2 (S.D. Miss. Jan. 10, 2012) (finding the phrase "any disputes regarding same shall rest in the appropriate Circuit or Chancery Court of the Second Judicial District of Jones

*Alliance Health Group, LLC v. Bridging Health Options LLC*, 553 F.3d 397 (5th Cir. 2008), cited by Plaintiff, is distinguishable. In *Alliance Health Group*, the forum selection clause provided that the "*exclusive* venue for any litigation related hereto shall occur in Harrison County, Mississippi." *Id.* at 399 (emphasis added). The forum selection clause here contains no language indicating exclusivity. Accordingly, it is permissive, rather than mandatory. For these reasons, the Court **denies** Plaintiff's Motion to Remand [6].

SO ORDERED AND ADJUDGED, on this, the 24th day of February, 2016.

                                              *s/Keith Starrett*
                                              UNITED STATES DISTRICT JUDGE

---

County, Mississippi" to be permissive for lack of unequivocal language); *Howard Indus. v. Ridgeway*, No. 2:15-CV-38-KS-MTP, 2015 U.S. Dist. LEXIS 68364, at *4 (S.D. Miss. May 27, 2015) (finding that agreement that any ligation "shall be brought in the Chancery Court, Second Judicial District, Jones County, Mississippi, and Employee agrees to the jurisdiction thereof and expressly waives any objection to such jurisdiction and venue and agrees to subject himself thereto" was not mandatory, but permissive).