IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**SINGLEY CONSTRUCTION COMPANY, INC.**                **PLAINTIFF**

**V.**                **CIVIL ACTION NO. 2:15-CV-164-KS-MTP**

**TERRY ORSO,** *et al.*                **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

For the reasons below, the Court finds that Defendants' Motion for Summary Judgment [31] is **moot** with respect to Defendant Thomas Barnes, and it **denies** the motion with respect to Defendant Timothy Gonzalez.

### I. BACKGROUND

This is a breach of contract case arising from employment contracts that included non-compete provisions. Plaintiff provides a variety of oilfield, environmental, and general construction services. Defendants were employees in Plaintiff's office in Pensacola, Florida. Plaintiff alleges that Defendants executed employment agreements which contained non-compete provisions, and that they later breached those non-compete provisions by accepting similar employment with Plaintiff's direct competitor.

Defendants Timothy Gonzalez and Thomas Barnes filed a Motion for Summary Judgment [32], arguing that the non-compete provisions are unenforceable against them. The parties subsequently agreed to dismiss Plaintiff's claims against Barnes, rendering the motion partially moot. However, the motion is ripe as to Plaintiff's claims against Defendant Gonzalez.

### II. STANDARD OF REVIEW

Rule 56 provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *see also Sierra Club, Inc. v. Sandy Creek Energy Assocs., L.P.*, 627 F.3d 134, 138 (5th Cir. 2010). "An issue is material if its resolution could affect the outcome of the action." *Sierra Club, Inc.*, 627 F.3d at 138. "An issue is 'genuine' if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party." *Cuadra v. Houston Indep. Sch. Dist.*, 626 F.3d 808, 812 (5th Cir. 2010).

The Court is not permitted to make credibility determinations or weigh the evidence. *Deville v. Marcantel*, 567 F.3d 156, 164 (5th Cir. 2009). When deciding whether a genuine fact issue exists, "the court must view the facts and the inference to be drawn therefrom in the light most favorable to the nonmoving party." *Sierra Club, Inc.*, 627 F.3d at 138. However, "[c]onclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial." *Oliver v. Scott*, 276 F.3d 736, 744 (5th Cir. 2002).

### III. DISCUSSION

Defendant Gonzalez admits that he entered into an employment agreement which contained the following non-compete provision:

> **COVENANT NOT TO COMPETE**: Employee hereby understands and agrees that the Company operates within a three hundred fifty (350) mile radius of the City of Columbia, Mississippi, (the "Territory"). Employee hereby agrees that the will not, for a period of three (3) years, commencing the date of the termination of his employment with Singley

> Construction Company, Inc. . . . within the Territory, compete directly or indirectly, as an owner, member, employee, shareholder, partner, joint venturer, officer, board member or consultant with the said Singley Construction Company, Inc. . . . , in any other business that competes with [it] in any business similar with that of the Company. Further, Employee hereby agrees that he will not broker or contract through any other person or entity in competition with Company or earn income or revenue whatsoever in competition therewith whether the same be commissions, consulting fees, speculative profits or gratis assistance for any other person or entity which might compete with the Company. Employee further agrees that there is not an adequate remedy at law for breach of this covenant and Employee hereby agrees to the jurisdiction of Marion County, Mississippi, Chancery Court for the venue of any dispute and further agrees that it, upon a finding that this covenant has been breached, will issue its injunction termination said competition. If, for any reason, said Court or any other shall find any of the provisions hereof to be unreasonable in duration or in geographic scope or otherwise, the prohibitions contained herein shall not be restricted to such time and geographic areas as the Court determines to be reasonable. The Employee further agrees that if he violates this covenant by competing with Company, that he hereby agrees to pay unto Company in addition to any other damages which a court of competent jurisdiction may award, attorney's fees, costs of court and other expenses as may be expected by Company enforcing this covenant.

Exhibit A to Motion for Summary Judgment at 1-2, *Singley Const. Co., Inc. v. Orso*, No. 2:15-CV-164-KS-MTP (S.D. Miss. July 20, 2016), ECF No. 32-1.

Under Mississippi law, "[n]on-competition agreements have been viewed . . . as restrictive contracts which are in restraint of trade and individual freedom and are not favorites of the law." *Empiregas, Inc. of Kosciusko v. Bain*, 599 So. 2d 971, 975 (Miss. 1992) (quoting *Frierson v. Sheppard Bldg. Supply Co.*, 154 So. 2d 151, 156 (Miss. 1963)). "The validity and, therefore, the enforceability of a non-competition provision is largely predicated upon the reasonableness and specificity of its terms, primarily, the duration of the restriction and its geographic scope." *Id.* (citing *Redd Pest Control*

3

*Co. v. Heatherly*, 157 So. 2d 133 (1963)).

Mississippi courts examine three aspects of non-compete agreements: "the rights of the employer, the rights of the employee, and the rights of the public." *Id.*; *see also Texas Road Boring Co. v. Parker*, 194 So. 2d 885, 888 (Miss. 1967). The Mississippi Supreme Court has acknowledged the "need to balance the rights of employers and employees," recognizing the possibility of both unfair competition by ex-employees and unreasonable oppression by employers. *Empiregas*, 599 So. 2d at 975. Accordingly, "non-competition agreements are only valid within such territory and during such time as may be reasonably necessary for the protection of the employer or principal, without imposing undue hardship on the employee or agent." *Id.* (quoting *Wilson v. Gamble*, 177 So. 363, 365 (1937)). The Court also considers the health of the market in the relevant geographical area, and whether the non-compete agreement poses "a threat to the public of monopoly or unfair competition." *Id.* "The burden of proving the reasonableness of these terms is on the employer." *Id.*

Here, Defendant Gonzalez does not argue that the terms of the non-compete provision are unreasonable – at least not in the sense contemplated by the cases cited above. Rather than argue that the geographical scope or duration of the agreement are unreasonable, he argues that *all* non-compete agreements are unreasonable when applied to "laborers," as he describes himself. The Mississippi Supreme Court has recognized "the desirability, even necessity, of protecting the business from loss of customers by the activities of former employees who have peculiar knowledge of and relationships with the employer's customers." *Redd Pest Control*, 157 So. 2d at 136.

Accordingly, Gonzalez argues that the non-compete provision is unenforceable because he was only a "laborer" and had no "peculiar knowledge of and relationships with [Plaintiff's] customer's." *Id.*

It would be quite a stretch for this federal Court to interpret a single line explaining a legitimate purpose of non-compete agreements as a bright-line rule that all non-compete agreements are unreasonable and, therefore, unenforceable when applied to a (rather vague) category of employees. While an employee's job responsibilities, knowledge, and experience may factor into the reasonableness inquiry described above, neither Defendant's briefing nor this Court's own research indicate that Mississippi law incorporates a hard and fast distinction between "laborers" and other employees. In fact, barring the enforcement of non-compete agreements against "laborers" would prevent employers from protecting their "investment in the training and education of an employee" – another legitimate purpose of non-compete agreements. *Business Communs., Inc. v. Banks*, 91 So. 3d 1, 10 (Miss. Ct. App. 2011).

Regardless, the record indicates that there is a genuine dispute of material fact as to whether Gonzalez had "peculiar knowledge of and relationships with the employer's customers." *Id.* He testified that he had direct contact with clients during his tenure as an "operator" for Plaintiff. Exhibit C to Motion for Summary Judgment at 3, *Singley Const. Co., Inc. v. Orso*, No. 2:15-CV-164-KS-MTP (S.D. Miss. July 20, 2016), ECF No. 32-3. Although he did not make bids for work, he had direct contact with clients on the job site. *Id.* Therefore, even if Mississippi law barred the enforcement of non-compete agreements against "laborers," as Defendant suggests,

5

summary judgment would still be inappropriate.

## IV. CONCLUSION

For these reasons, the Court finds that Defendants' Motion for Summary Judgment [31] is **moot** with respect to Defendant Thomas Barnes, insofar as the parties agreed to dismiss the claims against him. The Court also **denies** the motion as to Defendant Timothy Gonzalez.

SO ORDERED AND ADJUDGED, on this, the 13th day of October, 2016.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE